UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

                                          CRIMINAL CASE NO. 05-50026

v.

KASSANDRA BEARD,                      HONORABLE PAUL V. GADOLA
                                                    U.S. DISTRICT COURT
                  Defendant.
_____/

## ORDER DENYING MOTION TO REMAND, MOTION TO COMPEL DISCOVERY, AND MOTION TO SUPPRESS

**I.    Introduction**

Defendant is charged with two crimes: Possession with Intent to Distribute Crack Cocaine, 21 U.S.C. § 841(a)(1) and (b)(1)(B); and Possession of Firearm in Furtherance of Drug Trafficking Crime, 18 U.S.C. § 924(c). Before the Court are three motions brought by Defendant, all filed on August 15, 2005: a motion to remand; a motion to compel discovery; and a motion to suppress statement to police. A hearing on these motions was held on September 22, 2005. At the hearing, the parties were granted the opportunity to file supplemental briefs, which have been submitted to the Court. For the reasons stated below, the Court will deny Defendant's motions.

**II.    Background**

On October 16, 2003, police observed Derrick Hoye leave a Flint residence, 1737 Montana Avenue. Shortly thereafter, Hoye sold cocaine to a police informant. Based on this knowledge, police obtained a valid search warrant for the Flint residence that Hoye had left before the cocaine deal. The next day, on October 17, 2003, police entered the Flint residence, finding Defendant,

Defendant's three children, and Derrick Hoye. During the search of the house, police also discovered cocaine and several firearms. Police then arrested Defendant and Derrick Hoye.

Defendant was brought to the police station and given Miranda warnings. Defendant waived her right to remain silent and voluntarily spoke with the police officer. She admitted that the cocaine belonged to her, but denied ownership of the firearms.

Defendant was subsequently charged in the 68th District Court, Flint, Michigan, for possession with intent to deliver less than fifty grams of cocaine, and for maintaining a drug house. Derrick Hoye was charged with being a felon in possession of a firearm. On September 23, 2004, the day of the preliminary examination in state court, Sergeant Frank Sorensen and Officer Rogelio Villarreal allegedly asked Defendant to give her assistance in convicting Derrick Hoye. After Defendant refused, the officers allegedly became angry. During the initial examination, the state prosecutors requested that a felony firearm charged be added to the charges against Defendant. After oral arguments on the matter, the state court declined to add the felony firearm charge. Soon thereafter, the court dismissed all charges against Defendant upon motion by the state prosecutors.

Defendant was later indicted on the two federal charges currently before this Court: possessing cocaine with the intent to distribute, and possessing a firearm in furtherance of a drug trafficking crime.

### III.  Motion to Remand

In her motion to remand, Defendant initially requested that the Court dismiss the federal claims brought against Defendant on account of prosecutorial vindictiveness and to remand the case back to state court where charges against Defendant were originally filed. At the September 22

hearing, the Court made clear that it would be inappropriate for the Court to overstep its jurisdictional boundaries and order the state court to take up the original state charges. Because of this, the Court announced that it would instead consider Defendant's motion as a motion to dismiss the indictment.

Defendant argues in her motion that the facts of the case demonstrate prosecutorial vindictiveness. Defendant claims that because the state prosecutors were upset by Defendant's failure to cooperate in testifying against Derrick Hoye, they subsequently increased the charges against Defendant, by first attempting to add the felony firearm charge in state court, and then by bringing the federal charges currently before this Court. Defendant alleges that the Government's action in bringing the federal charges, which are charges with higher sentences than the original state charges, is evidence of vindictiveness on the part of the prosecutors. Defendant cites the Sixth Circuit case of *United States v. Andrews* for the proposition that when "the situation before [the court] presents a realistic likelihood of vindictiveness, the ordinary remedy is to bar the augmented charge." *United States v. Andrews*, 633 F.2d 449, 455 (6th Cir. 1980). Therefore, Defendant asks that the "augmented charges," or in other words, the federal charges currently before the Court, be barred and dismissed on account of prosecutorial vindictiveness.

The legal standard for determining whether there is prosecutorial vindictiveness is "not whether there is an appearance of vindictiveness" but "whether, in the particular factual situation presented, there existed a 'realistic likelihood of vindictiveness' for the prosecutor's augmentation of the charges." *Andrews*, 633 F.2d at 453, 457.

After considering the law and the facts of the case, the Court does not find a "realistic

3

likelihood of vindictiveness." There is no dispute that the Government had probable cause for the federal indictments. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Thus, it is within the prosecutor's discretion to pursue charges against Defendant in federal court. Also, the United States Supreme Court has ruled that there is no presumption of vindictiveness when a defendant who has refused to plead to a lesser misdemeanor is charged with a felony with a higher sentence. *See United States v. Goodwin*, 457 U.S. 368 (1982); *see also Bordenkircher*, 434 U.S. at 364-65 ("To hold that the prosecutor's desire to induce a guilty plea . . . may play no part in his charging decision, would contradict the very premises that underlie the concept of plea bargaining itself."). Consequently, the Court denies Defendant's motion to remand.

### IV.   Motion to Compel Discovery

In her motion to compel discovery, Defendant requests the Court to enforce several discovery requests made by Defendant. The Government has complied with all the discovery requests but one. This one contested item of discovery consists of the guidelines and standards used to determine which cases are pursued under the Project Safe Neighborhoods program ("PSN program"). The PSN program is a cooperative program between the federal and state governments established in order to reduce gun crimes. The program contains certain guidelines for prosecuting gun crimes at both the state and federal level.

Defendant argues that the Government must turn over all evidence material to either guilt

or punishment. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution."). Defendant says that this evidence includes the PSN program guidelines for pursuing prosecutions.

The Government recognizes that it has a duty to turn over evidence material either to guilt or punishment. However, it argues that the PSN program guidelines are outside the scope of *Brady* and Rule 16 of the Federal Rules of Criminal Procedure.

Federal Rule of Criminal Procedure 16(a)(1)(E) states:

Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, . . . if the item is within the government's possession, custody, or control and:
    (i) the item is material to preparing the defense;
    (ii) the government intends to use the item in its case-in-chief at trial; or
    (iii) the item was obtained from or belongs to the defendant."

Fed. R. Crim. P. 16(a)(1)(E).

The Court finds that the PSN program guidelines are not "material to preparing the defense," Fed. R. Crim. P. 16(a)(1)(E), nor are they "material either to guilt or punishment." *Brady*, 373 U.S. at 87. Instead, the guidelines simply aid prosecutors in the decision to pursue charges against defendants, a decision which is within the prosecutors' discretion. *See Bordenkircher*, 434 U.S. at 364. Since the Court finds that the PSN program guidelines do not fall under evidence covered by Federal Rule of Criminal Procedure 16 or *Brady*, the Court will deny Defendant's motion to compel discovery.

## V.     Motion to Suppress Evidence

Defendant requests that the Court suppress certain incriminating statements made by Defendant to a police officer on the morning of October 17, 2003, at the police station after Defendant had been advised of her Miranda rights. Defendant first claims that the police coerced her confession by discussing the possibility that Defendant might lose her children and her public assistance, and that Defendant could avoid this by cooperating with the police. The September 22, 2005 evidentiary hearing did not reveal any evidence that the police had threatened Defendant about her loss of children or public assistance.

Defendant further claims that on the day of her questioning many factors combined to render Defendant's statement involuntary. The Court disagrees with Defendant. The evidentiary record and the hearing revealed that Sergeant Frank Sorensen, the police officer who questioned Defendant, first spoke with Defendant in order to determine whether she was competent to understand what was being asked of her. Sergeant Sorensen then read Defendant her Miranda rights, and Defendant voluntarily waived those rights. Sergeant Sorensen proceeded to ask Defendant other questions, recording Defendant's answers on a piece of paper. After she had responded to the questions, Defendant was provided with an opportunity to review her answers. She reviewed and edited her answers, signing her initials beside any changes that were made. After considering the whole record, the Court finds that the evidence indicates that Defendant's statements and answers were voluntarily made and were in no way coerced.

Defendant finally asks this Court to find Defendant's statement inadmissible because the statement was not electronically recorded. Defendant argues that based on dicta in a recent case

from the Eastern District of Michigan, all confessions which are not recorded should be presumed inadmissible. *See United States v. Lewis*, 355 F. Supp. 2d 870 (E.D. Mich. 2005). In a "Supplemental Brief in Support of Motion to Suppress Statement to Police," Defendant recognizes that the requirement for recorded confessions is not currently the law, but asks the Court to adopt this new rule as a matter of constitutional law founded in the right against self-incrimination because of policy considerations.

There is no requirement in the Sixth Circuit that confessions be recorded. As the Government points out, the holding of *United States v. Lewis*, the case relied upon by Defendant, did not rest on the rule that confessions must be recorded; rather the court found the statement was inadmissible because the totality of the circumstances indicated that the confession was involuntary. The court's discussion of the necessity of recorded confessions was simply dicta. Furthermore, it is clear from a long line of case cites provided in the Government's response that most jurisdictions do not hold that unrecorded confessions are presumptively inadmissible. This Court declines to establish a new rule requiring that interrogations be recorded. For all these reasons above, the Court denies Defendant's motion to suppress.

**VI.    Conclusion**

      **ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to remand

7

[docket entry 11], Defendant's motion to compel discovery [docket entry 12], and Defendant's motion to suppress [docket entry 13] are **DENIED**.

**SO ORDERED.**

Dated:  November 30, 2005                                  s/Paul V. Gadola
                                                           HONORABLE PAUL V. GADOLA
                                                           UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  December 1, 2005 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                      Christopher McGrath                                  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:           Richmond Riggs                         .

                                                           s/Ruth A. Brissaud
                                                           Ruth A. Brissaud, Case Manager
                                                           (810) 341-7845